UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
CHANDRA WATTIE HARRIPRASHAD,

                            Plaintiff,

-against-

METROPOLITAN PROPERTY AND CASUALTY
INSURANCE COMPANY d/b/a METLIFE AUTO &
HOME and ACE AMERICAN INSURANCE
COMPANY,
                            Defendants.
-------------------------------------------------------------------x

**MEMORANDUM & ORDER**

09-cv-03105 (ENV) (JMA)

**VITALIANO, D.J.**

      Plaintiff Chandra Wattie Harriprashad commenced this breach of contract action by filing a complaint in state court on April 23, 2009 against Defendants Metropolitan Property and Casualty Insurance Company, d/b/a MetLife Auto & Home, ("MetLife") and Ace American Insurance Company.[1] MetLife removed the action to federal court on July 20, 2009 and answered the complaint on August 20, 2009. On June 23, 2011, plaintiff moved for leave to file an amended complaint, seeking to include special damages in its demand for relief and to add claims for bad faith and anticipatory breach and to request punitive damages and attorney's fees. Additionally, though plaintiff did not previously demand a trial by jury, the proposed amended complaint does so now. Metlife opposed each of plaintiff's requests.

      On October 6, 2011, the Court referred the motion to Magistrate Judge Andrew L. Carter, Jr. pursuant to 28 U.S.C. § 636(b) for a Report and Recommendation. Judge Carter's Report and Recommendation (the "R&R") issued on November 17, 2011 and recommended that the motion to amend be granted in part and denied in part.[2]

---

[1] Ace American Insurance Company was terminated as a defendant on January 14, 2010.

[2] Judge Carter has since been confirmed as a United States District Judge on the United States

1

In reviewing a Report and Recommendation of a magistrate judge, a district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). And, a district judge is required to "determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); see also Arista Records, LLC v. Doe 3, 604 F.3d 110, 116 (2d Cir. 2010). But, where no timely objection has been made, the "district court need only satisfy itself that there is no clear error on the face of the record" to accept a magistrate judge's Report and Recommendation. Urena v. New York, 160 F. Supp. 2d 606, 609-10 (S.D.N.Y. 2001) (quoting Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)). The December 1, 2011 deadline for objecting to the R&R passed without objections being filed by any party.

After careful review of the record, the Court finds Judge Carter's Report and Recommendation to be correct, well-reasoned, and free of any clear error. The Court, therefore, adopts the Report and Recommendation in its entirety as the opinion of the Court. Plaintiff's motion to amend her complaint is granted in part and denied in part. Plaintiff may amend her complaint in conformity with the R&R to add a demand for "special damages" and have her case tried by a jury, but the balance of her requested relief is denied as futile. Plaintiff is directed to file her amended complaint on or before December 23, 2011.

**SO ORDERED.**

Dated: Brooklyn, New York
       December 11, 2011

                                             s/ ENV
                                        _____
                                        ERIC N. VITALIANO
                                        United States District Judge

---

District Court for the Southern District of New York.