UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
CHANDRAWATTIE HARRIPRASHAD,

                Plaintiff,

    -against-

METROPOLITAN PROPERTY AND
CASUALTY INSURANCE COMPANY,

                Defendant.
----------------------------------------------------------x

**MEMORANDUM & ORDER**

09-cv-3105 (ENV) (VMS)

**VITALIANO, D.J.,**

    Plaintiff Chandrawattie Harriprashad commenced this action on July 20, 2009 alleging breach of contract and special damages related claims she made under an insurance policy issued by Metropolitan Property and Casualty Insurance Company ("Metropolitan"). By Memorandum & Order, dated June 18, 2013, the Court denied defendant's motion for summary judgment. See 2013 WL 2093118 (E.D.N.Y. 2013) (dkt. # 63). Familiarity with that Order and the facts it sets forth are assumed.

    On October 17, 2013, having been advised by the parties that this case had settled, the Court entered an Order of Discontinuance. See dkt. # 70. On February 7, 2014, plaintiff moved to vacate the settlement agreement and order of discontinuance and to and re-open the case. See dkt. # 84. In addition, plaintiff's former attorney, Jennifer Ajah, who was suspended from the practice of law prior to the settlement of plaintiff's case, moved for an award of attorney's fees. See dkt.

1

# 72. The resolution of that motion also implicated the amount of attorney's fees to be awarded to plaintiff's subsequent counsel, Placidus Aguwa. Collaterally, plaintiff had moved to reduce the attorney's fees she owed to Aguwa.

The Court referred all of the related motions to Magistrate Judge Vera M. Scanlon. See dkt. # 73. On August 14, 2014, Judge Scanlon issued a Report & Recommendation ("R&R") recommending that (1) plaintiff's motion to vacate the settlement agreement and order of discontinuance and to re-open her case be denied, (2) Ajah's motion for attorney's fees be granted in part, that is, to the extent that Ajah be awarded $20,659.72 in quantum meruit compensation (rather than the $46,603.32 she sought); and (3) that the Court decline to enforce Aguwa's contingency agreement with plaintiff, and instead, set his attorney's fees at $18,060.

In reviewing the report and recommendation of a magistrate judge, a district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). A district judge is required to "make a *de novo* determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made" by any party. Fed. R. Civ. P. 72(b). But, where no timely objection has been made, the "district court need only satisfy itself that there is no clear error on the face of the record" to accept a magistrate judge's report and recommendation. Urena v. New York, 160 F. Supp. 2d 606, 609-10 (S.D.N.Y. 2001) (quoting Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)).

The R&R gave proper notice that any objection must have been filed within 14 days. The window closed on September 2, 2014. Neither Ajah nor Aguwa

objected to the R&R, despite Judge Scanlon's reduction of attorney's fees requested by each of them. Harriprashad, however, objected to the portion of the R&R denying her request to vacate the settlement agreement. See dkt. # 94.

Plaintiff's objections are all either (1) a re-hash of arguments that Judge Scanlon considered and rejected in her thorough and well-reasoned R&R, or (2) non-sequitors that are not relevant to plaintiff's motion. For example, plaintiff complains that "I received a number of tickets and fines for illegal dumping of garbage on the property, even though the garbage was not mine." See Pl. Objection to Report and Recommendation, dkt. # 94, at 1. Plaintiff does not explain how this objection relates to her motion to vacate. She also complains that, "I suffered from defamation of character for accusations made by Metropolitan . . . I was really hurt." See id., at 2. Again, there is no indication of how this relates to plaintiff's pending motion. More relevantly, Harriprashad complains that "the sum of $500,000 awarded in the Report and Recommendation[] is insufficient as a fair compensation package." See id., at 2-3.

Upon *de novo* review of the written objection plaintiff filed, the Court finds no reversible error in Judge Scanlon's recommendation that Harriprashad's principal motion to vacate the settlement agreement be denied. Very much the opposite, the Court concurs with Judge Scanlon that plaintiff's objection is "best understood as a change of heart, and the Court may not invalidate an otherwise valid and binding settlement agreement on that basis alone." See Report & Recommendation at 35. There being no other true objection, and in accord with the applicable standards of review, the Court finds Judge Scanlon's R&R to be correct, well-reasoned and free

of any clear error. It is therefore, adopted it in its entirety as the opinion of the Court.

## Conclusion

For the reasons stated above, plaintiff's motion to vacate the settlement and re-open the case is denied. Ajah's motion to determine her compensation is granted to the extent that she is awarded for her professional services, on a <u>quantum meruit</u> basis, $20,659.73. Aguwa's motion to enforce in full his contingency fee agreement is denied but he is awarded reduced attorney's fees in the amount of $18,060.

The Clerk of Court is directed to amend the judgment if and as appropriate and to maintain this case on the closed docket.

SO ORDERED.

Dated: Brooklyn, New York
September 9, 2014

s/Eric N. Vitaliano

**ERIC N. VITALIANO**
**United States District Judge**